**M. Christie Helmer,** OSB No. 743400
E-mail: chris.helmer@millernash.com
**Elizabeth Tedesco Milesnick**, OSB No. 050933
E-mail: Elizabeth.milesnick@millernash.com
**Miller Nash LLP**
3400 US Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Telephone: (503) 224-5858
Facsimile: (503) 224-0155

      Attorneys for Plaintiff

**Todd A. Zilbert, OSB 89144**
Email: taz@woodtatum.com
**Robert I. Sanders, OSB 70125**
Email: ris@woodtatum.com
**John C. Mercer, OSB 742189**
Email: jcm@woodtatum.com
**Wood Tatum**
6915 SW Macadam Avenue, Suite 115
Portland, OR 97219
Telephone:  (503) 224-5430
Facsimile:  (503) 241-7235

      Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| **MONJASA A/S,** | ) | Case No. 3:12-cv-01489-BR |
| Plaintiff, | ) | |
| v. | ) | **JOINT STATEMENT OF AGREED FACTS** |
| **M/V PERISTIL, her tackle, engines, etc.,** *in rem,* | ) | |
| Defendants. | ) | |

Page 1 – **JOINT STATEMENT OF AGREED FACTS**

WOOD TATUM
6915 SW Macadam Ave. Suite 115
Portland, Oregon 97219
Telephone:  (503) 224-5430

For purposes of this action only, plaintiff Monjasa A/S and defendant M/V PERISTIL agree to the facts set forth below.  The parties' agreement means only that the following facts are not in dispute.  It does not mean that either party accepts the following facts as either material or relevant to the issues in this litigation:

1.      Plaintiff Monjasa A/S is a limited partnership organized under the laws of Denmark with an office and place of business in Denmark.  It is in the business of selling marine fuel.

2.      Defendant M/V PERISTIL is an ocean-going, Croatian-flag vessel, built in 2010, owned by Peristil Maritime, Inc., and managed by Jadroplov International Maritime Ltd.

3.      Peristil Maritime is a corporation organized under the laws of the Republic of the Marshall Islands.  It is wholly owned by Jadroplov Ltd., a Croatian company with an office and place of business in Croatia.  Jadroplov International Maritime Ltd., the vessel manager, is a Croatian business entity with an office and place of business in Croatia.

4.      From 1 April 2010 to at least 7 July 2012, the PERISTIL was time-chartered from owner Peristil Maritime to charterer Carbofer Maritime Trading ApS, a Danish business organization with an office and place of business in Copenhagen.  Monjasa was not a party to the Peristil Maritime - Carbofer Time Charter (the "Time Charter"), and did not participate with either Peristil Maritime or Carbofer in negotiating the terms of the Time Charter.

5.      Paragraph 2 of the Time Charter states, among other things, that "whilst on hire the Charterers shall provide and pay for all the fuel except as otherwise agreed…."

6.      Paragraph 18 of the Time Charter states, among other things, that "Charterers will not suffer, nor permit to be continued, any lien or encumbrance incurred by them or their agents, which might have priority over the title and interest of the owners in the vessel."

7.      Monjasa supplied bunker fuel to vessels chartered by Carbofer on three separate occasions.  In July 2011, Monjasa sold and delivered fuel to the Carbofer-chartered vessel ID NORTH SEA at Singapore.  In January 2012, Monjasa sold and delivered fuel to the Carbofer-

Page 2 – **JOINT STATEMENT OF AGREED FACTS**

WOOD TATUM
6915 SW Macadam Ave. Suite 115
Portland, Oregon 97219
Telephone:  (503) 224-5430

chartered vessel PERISTIL in Hong Kong.  In January 2012, Monjasa sold and delivered fuel to the Carbofer-chartered vessel NASCO GEM in Panama.

**8.**  Monjasa has previously sold (to a Carbofer sub-charterer) fuel for delivery to the PERISTIL.  The fuel was delivered in March 2011 in Amsterdam.

**9.**  M/V PERISTIL called in the United States on only one occasion before it was arrested in Kalama, Washington, in this action.

**10.**  In January 2012, Carbofer asked Monjasa to quote prices for fuel to be supplied in Hong Kong to a Carbofer-chartered vessel, the M/V PERISTIL.

**11.**  Specifically, on or about 13 January  2012, Monjasa e-mailed "Monjasa Bunker Confirmation No. 123849" to Carbofer's Andrea Rizzuti.  The Bunker Confirmation confirmed an order of 250 metric tons of bunker fuel to be delivered to the M/V PERISTIL in Hong Kong between 15 – 17 January  2012.  The Monjasa Bunker Confirmation is Complaint Ex. B [Dkt 1-2] page 2 of 4.

**12.**  The Monjasa Bunker Confirmation states that "Monjasa Group Terms & Conditions Jan. 2012 to apply.  Copy available on our website:www.monjasa.com." No printed copy of the Monjasa Group Terms was provided to Carbofer when it ordered the fuel.

**13.**  The Monjasa Group Terms & Conditions are set forth in Complaint Ex. C [Dkt1-3].

**14.**  On 16 January 2012, Monjasa caused to be delivered to the PERISTIL at Hong Kong 245.69 metric tons of IFO-380 bunker fuel.  Monjasa bought the fuel from Fratelli Cosulich Bunkers HK Ltd., an intermediary seller.  The physical supplier of fuel to the PERISTIL was Taimin Petroleum & Chemical Limited, who delivered the fuel to the Vessel via barge.

**15.**  On or about 16 January 2012, Taimin's representatives provided the Vessel's Chief Engineer with a "Bunker Delivery Receipt" after the 245.69 MT of bunker fuel was received aboard and before the fuel barge departed the Vessel.

**16.**  Taimin's Bunker Delivery Receipt states:  "In accordance with our General Term & Conditions, it is understood that bunkering has been carried out after either under mentioned

Page 3 – **JOINT STATEMENT OF AGREED FACTS**

WOOD TATUM
6915 SW Macadam Ave. Suite 115
Portland, Oregon 97219
Telephone:  (503) 224-5430

quantities have been checked and witnessed & agreed upon by the Master, Chief engineer or vessels representative as mentioned on Quantity Determination."  (Complaint Ex. B [Dkt 1-2], pages 3-4.)

17.     No copy of the Taimin General Term & Conditions was provided to the vessel, nor was Monjasa familiar with its contents.

18.     Taimin's Bunker Delivery Receipt also states:  "No disclaimer stamp of any type or form will be accepted on this bunkering certificate, nor, should any such stamp be applied, will alter, change, or waive sellers/suppliers lien against the vessel or waive the vessel's ultimate responsibility and liability for the debt incurred through this transaction."

19.     The Taimin Bunker Delivery Receipt was stamped by the vessel Chief Engineer:

> Goods and/or services being hereby acknowledged and/or ordered solely for account of Messrs.     Carbofer     Charterers of M/V PERISTIL and not for account of said vessel or her Owners.  Accordingly, no lien or any claim against said vessel or her Owners can arise thereof.

20.     The Vessel's Chief Engineer affixed the "no lien stamp" to the Taimin Bunker Delivery Receipt after the 245.69 metric tons of fuel had been fully loaded into the Vessel's tanks.

21.     The bunker fuel was consumed by the Vessel.

22.     Monjasa issued Invoice 40395 dated 24 January 2012 in the amount of $192,866.65, addressed to:

> M/V PERISTIL and/or master and/or
> Owners and or/charterers and/or managers and/or operators and/or
> Carbofer Maritime Trading ApS
> Indiakaj 12
> 2100 – København Ø
> Denmark

23.     The Invoice was sent only to Carbofer in Denmark.

24.     Payment of the Invoice was due 13 February 2012.

Page 4 – **JOINT STATEMENT OF AGREED FACTS**

WOOD TATUM
6915 SW Macadam Ave. Suite 115
Portland, Oregon 97219
Telephone:  (503) 224-5430

**25.**    Carbofer did not timely pay the Invoice, and has not responded to demands by Monjasa to pay the Invoice.

**26.**    Monjasa issued a statement of balance on 14 August 2012 reciting the unpaid principal of $192,866.65, and interest of $23,272.58, for a total balance of $216,139.23, addressed to:

>Carbofer Maritime Trading ApS
>Indiakaj 12
>2100 – København Ø
>Denmark

**27.**    On or about 13 April 2012, Monjasa filed a proceeding in the High Court of Gujarat at Ahmedabad in Admiralty seeking the arrest of the PERISTIL, then at the port of Magdalla, in the State of Gujarat, India.

**28.**    A true copy of the initiating pleading, called the Plaint, is Exhibit A-1 and A-2 to defendant's Answer [Dkt 24-1, 24-2].  The Plaint named Monjasa A/S as plaintiff and the "M.V. 'PERISTIL' and her Owners/Managers/Charterers and all other Persons concerned and/or interested in her" as defendants, and sought to recover sums due to Monjasa under its invoice 40395 for the delivery of fuel to PERISTIL in Hong Kong.

**29.**    Monjasa invoice 40395 dated 24 January 2012, the same invoice as is attached to the Verified Complaint filed in this action as Exhibit D, was attached as "Annex E" to the Plaint as support for plaintiff's claim in India.  The Plaint was verified by plaintiff's Indian counsel, Mr. Raju Prabhatbhai Desai.

**30.**    Upon the ex parte application of plaintiff, the High Court of Gujarat issued an Oral Order on 16 April 2012 approving arrest of the PERISTIL, and the PERISTIL was arrested at Magdalla, India.  A certified transcription of the Oral Order is attached as Exhibit B to the Answer filed in this action [Dkt 24-3].

**31.**    On 19 April 2012, the High Court of Gujarat, without objection by plaintiff Monjasa, issued an Oral Order permitting the owner of the PERISTIL to deposit in the court's registry security in the amount of $251,884.19 and releasing the PERISTIL from the arrest order dated 16

Page 5 – **JOINT STATEMENT OF AGREED FACTS**

WOOD TATUM
6915 SW Macadam Ave. Suite 115
Portland, Oregon 97219
Telephone:  (503) 224-5430

April 2012.  A certified transcription of the Oral Order is attached as Exhibit C to the Answer filed in this action [Dkt 24-4].

32.     Peristil Maritime provided substitute security by depositing $251,884.19 into the High Court's registry for the purposes of securing plaintiff's claim and obtaining the PERISTIL's release from arrest.

33.     Peristil Maritime has taken the position with the High Court of Gujarat and Monjasa that Monjasa does not and did not have a maritime lien on the M/V PERISTIL by reason of the fuel Monjasa provided to the Vessel.

34.     Peristil Maritime has taken the position with the High Court of Gujarat and Monjasa that the arrest of the M/V PERISTIL in India was wrongful because Monjasa had no right to arrest the M/V PERISTIL under Indian law.

35.     Peristil Maritime alleges in its Civil Application for Direction filed in the High Court of Gujarat that " (g) The applicant respectfully submits that the Plaintiff has not arrested the Defendant Vessel to assert a maritime claim. Without prejudice to that argument, it is submitted that neither under the Geneva Arrest Convention, 1999 or any other Convention or Indian law does the Plaintiff have a maritime claim against the vessel. It is respectfully submitted that, in order to have a maritime claim against a vessel, the Plaintiff must first have an in personam cause of action against the Owners to be able to arrest the Defendant Vessel in rem. It is submitted that the Plaintiff has no cause of action against the Owners whatsoever. It is submitted that the alleged order for bunkers was placed by the said Carbofer. It is submitted that, as per Exhibits A and F to the Plaint, the Plaintiff was looking only to the said Carbofer as the Buyer and the party responsible for making payment to the Plaintiff. It is submitted that the Plaintiff's only cause of action is against the said Carbofer and not against the said Owners and the Plaintiff therefore has no maritime claim against the Defendant Vessel."

36.     Peristil Maritime alleges in its Civil Application for Direction that "(h) The applicant respectfully submits that the suit in rem is without jurisdiction and not maintainable against the

Page 6 – **JOINT STATEMENT OF AGREED FACTS**

WOOD TATUM
6915 SW Macadam Ave. Suite 115
Portland, Oregon 97219
Telephone:  (503) 224-5430

Defendant Vessel.  It is submitted that the Plaintiff's case as framed is simply not maintainable against the Owners.  It is submitted that the Plaintiff has arrested the Defendant Vessel as security towards arbitration for a claim due to the Plaintiff from the said Carbofer and not from the Owners."

37.     Monjasa arrested the PERISTIL at Kalama, Washington, under process issued by this Court on 16 August 2012.

DATED this 16th day of January, 2013.

MILLER NASH LLP                          WOOD TATUM


/s/ M. Christie Helmer_____          /s/ Todd A. Zilbert_____
M. Christie Helmer, OSB No. 743400       Todd A. Zilbert, OSB No. 891449
Email: chris.helmer@millernash.com       E-mail: taz@woodtatum.com

Of Attorneys for Plaintiff               Of Attorneys for Defendant

Page 7 – **JOINT STATEMENT OF AGREED FACTS**

WOOD TATUM
6915 SW Macadam Ave. Suite 115
Portland, Oregon 97219
Telephone:  (503) 224-5430